#4   1542/1586   (MR)   RECEIVED

SEP 2 0 2018

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARENCE M. MOSEY, ) | |
| Plaintiff ) | Case No. 3:18-cv-186 |
| ) | |
| vs. ) | CIVIL RIGHTS COMPLAINT |
| ) | [§1983] |
| MICHAEL JOHNSTON, Warden of Blair ) | |
| County Jail; ABBIE TATE, Deputy ) | |
| Warden of Blair County Jail; ) | **Trial by Jury Demanded** |
| COURTNEY MCCLAIN, Nurse of Blair ) | |
| County Jail; JENNIFER CRAWFORD, ) | |
| Nurse Supervisor of Blair County ) | |
| Jail,         Defendant(s) ) | |

COMES NOW, Tarence M. Mosey #ND4444, Plaintiff, pro se, (hereinafter, "Plaintiff"), who presents the following civil-rights complaint and claims for compensatory, nominal, punitive, and injunctive relief. Plaintiff was incarcerated and is claiming all incidents have occurred between the dates of June 16, 2017 to October 21, 2017. Plaintiff is claiming United States Constitutional Amendment violations against prisoner's rights, and this civil-rights complaint is as follows:

I. JURISDICTION & VENUE

1.   This is a civil action authorized by 42 U.S.C. §1983 to

redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §1331 and §1343 (a)(3). Plaintiff claims for injunctive relief are authorized by 28 U.S.C. §2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. §1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff was, at all times mentioned herein, a prisoner of the State of Pennsylvania in the custody of Blair County Jail. He is currently confined in State Correctional Institute Houtzdale in Houtzdale, Pennsylvania.

## III. DEFENDANTS

4. Defendant MICHAEL JOHNSTON (hereinafter, "Warden Johnston"), at all times relevant to this action was/is employed as the Warden of the Blair County Jail, 419 Market Square Alley, Hollidaysburg, Pennsylvania, 16648, charged with the custody and care of the Plaintiff. Warden Johnston is the facility's highest authority, responsible for the appointment, employment, and oversight of facility staff, and oversight of facility operations generally, and is the final appellate authority over inmate's institutional grievances and concerns. At all times relevant to this complaint, Warden Johnston acted under the color of State law. He is hereby sued in his individual, as well as official, capacity, jointly and severally, for those acts and omissions described fully below.

5. Defendant ABBIE TATE (hereinafter, "Deputy Warden Tate"), at all times relevant to this action was/is employed as the Deputy Warden of the Blair County Jail, 419 Market Square Alley, Hollidaysburg, Pennsylvania, 16648, charges with the custody and care of the Plaintiff. Deputy Warden Tate is the facility's second highest authority, responsible for the appointment, employment, and oversight of facility staff, and oversight of facility operations generally, and is the final appellate authority over inmate institutional grievances and concerns. At all times relevant to this complaint, Deputy Warden Tate acted under the color of state law. She is hereby sued in her individual, as well as official, capacity, jointly and severally, for those acts and omissions described fully below.

6. Defendant COURTNEY MCCLAIN (hereinafter, "Nurse McClain") at all times relevant to this action was/is employed as the Nurse of the Blair County Jail, 419 Market Square Alley, Hollidaysburg, Pennsylvania, 16648, charged with the Medical care of the Plaintiff. Nurse McClain is the facility's Medical authority responsible for the Medical care of all inmates and Medical facility operations generally, and is the second appellate authority over inmate Medical Institutional grievances and concerns. At all times relevant to this complaint, Nurse McClain acted under the color of State law. She is hereby dues in her individual, as well as official, capacity, jointly and severally, for those acts and omissions described fully below.

7. Defendant JENNIFER CRAWFORD (hereinafter, "Supervisor Crawford"), at all times relevant to this action was/is employed

as the Nurse Supervisor of the Blair County Jail, 419 Market Square Alley, Hollidaysburg, Pennsylvania, 16648, charged with the Supervision of the Medical care of the Plaintiff. Supervisor Crawford is the facility's highest Medical authority, responsible for the oversight of all Medical staff, Medical care of all inmates, oversight of the Medical facility operations generally, and is the final appellate authority over inmate's medical grievances and concerns. At all times relevant to this complaint, Supervisor Crawford acted under the color of State law. Supervisor Crawford is hereby sued in her individual, as well as official, capacity, jointly and severally, for those acts and omissions described fully below.

## IV. FACTS

### REFUSAL & INADEQUATE MEDICAL CARE

8.   Nurse McClain recognized Plaintiff from news article and made the comment, "You're the guy that killed that pregant girl". Nurse McClain subsequently began to refuse Plaintiff his prescribed mental health medication causing Plaintiff to 'slip' into a deepened depression and severe anxiety.

9.   Plaintiff told Nurse McClain that he was starting to have suicidal thoughts, but Nurse McClain ignored his plead for help. Ultimately, Plaintiff attempted suicide, then received mental health treatment and suicide prevention treatment.

10.   Due to the inadequate food distributed to the jail, the unoperating HVAC system, and spread of black mold, Plaintiff became very ill and notified Nurse McClain that he was feeling light-headed, dizzy, running a fever, and overwhelming stomach

pains. Nurse McClain deliberately ignored Plaintiff's request for medical attention and told him to return to his cell. Plaintiff, shortly after, lost consciousness and had to receive emergency medical attention.

11. Plaintiff filed multiple grievances to the Medical supervisor, Supervisor Crawford, but his attempts to obtain help went ignored and unanswered and no attempts to assist Plaintiff were taken by Supervisor Crawford, even after she became aware of Nurse McClain's behavior towards Plaintiff.

12. Plaintiff was transferred to SCI-Camp Hill from Blair County Jail and was found to be in immediately need of medical attention, due to severe abdominal pain, fever, dizziness, and determined to be malnurished and an unhealthy weight loss. Plaintiff had to be given vitamins and fluids to become stablized.

UNSAFE, HAZARDOUS, & UNSANITARY CONDITIONS

13. Most of Plaintiff's medical conditions and symptoms were caused by the internal sanitary conditions of Blair County Jail.

14. Due to inmate population overcrowding, Plaintiff was forced to occupy a cell that was intended for eight (8) inmates, however it consisted a total number of twenty-two (22), forcing Plaintiff to sleep on cell floor, due to lack of adequate space.

15. While Plaintiff was forced to sleep on the floor of the cell, due to overcrowding, a malfunction with the plumbing system, the toilet in the cell began to flood and leak. Human sewage and waste was expelled from the toilet, soaking the Plaintiff, which subsequently added to his medical illness.

Warden Johnston and Deputy Warden Tate were notified of the leak through Inmate Grievance, however, they both failed to have sewage issue fixed.

16. Plaintiff was exposed to extreme temperatures, exceeding an estimated temperature of 95°F in Plaintiff's cell and on the Unit, due to the HVAC system not working properly. Soon after, the spread of black mold increased, which caused Plaintiff to become, not only overheated, but also serious ill. Plaintiff began exhibiting symptoms of stomach discomfort, dizziness, chest pain, hyperventilation, and loss of consciousness on multiple occasions. Warden Johnston and Deputy Warden Tate were notified through multiple complaints by both inmates and staff about the HVAC out of service, and Plaintiff filed grievance on these fore-mentioned issues, but no repairs nor assist was given.

17. Plaintiff was given inadequate food portions and servings, not enough to sustain a healthy, adequate diet, to U.S. Department of Health standards. On different occasions, Plaintiff was denied his meal as a form of punishment and retaliation for complaints against Warden Johnston and Deputy Warden Tate, to the Commissioner. Plaintiff became severely malnurished.

18. When Plaintiff was transferred from Blair County Jail to SCI-Camp Hill, SCI-Camp Hill Medical staff diagnosed Plaintiff with malnutrition due to Plaintiff's excruciating stomach pains, head pain, discomfort, dizziness, and unhealthy weight-loss. Plaintiff did not have these symptoms, nor was he ever diagnosed with malnutrition, until being exposed to the conditions of Blair County Jail.

RETALIATION & PRETRIAL DETAINEE PUNISHMENT

19.     Unknown Correctional Officer on Plaintiff's unit became aware of Plaintiff's pending criminal matter and began to make discriminatory comments and remarks against Plaintiff. Warden Johnston and Deputy Warden Tate were notified about the racial and derogatory comments made by said officer, but failed to respond nor take any action.

20.     After numerous complaints to County Commissioner Tomassetti, Plaintiff began to be harassed by Warden Johnston, Deputy Warden Tate, and Correctional Officers and was subsequently stripped searched in front of other inmates and staff repeatedly, as a form of punishment and to embarrass and humiliate Plainitiff, in retaliation for grievances and complaints.

21.     Additionally, as a source of punishment, Plaintiff was placed in Segregation and was told by an unknown correctional officer that quote, "The higher ups tell us what to do and we do it", as a reason for why Plaintiff was being taken to Segregation.

22.     Due to being placed in Segregation, Plaintiff was not given access to the law library to prepare an adequate defense in his pending criminal matter.

23.     Plaintiff, at all times, was classified as a 'pretrial detainee', since he was not yet convicted of his pending criminal case while incarcerated at Blair County Jail.

## V. EXHAUSTION OF LEGAL REMEDIES

24.     Plaintiff used the prisoner grievance procedure available

at Blair County Jail to try and solve each problem. Each grievance filed and appeal to highest authority were presented the facts relating to this complaint and were all ultimately ignored or denied. Blair County has failed to give Plaintiff copies and Plaintiff has no records nor copies, due to the grievance system being electronic filing.

## VI. LEGAL CLAIMS

25.     Plaintiff reallege and incorporate by reference paragraphs #1-24.

26.     Defendant's Warden Johnston, Deputy Warden Tate, and Supervisor Crawford's inaction and failure to correct staff, whom they were legally responsible to supervisor, train, and discipline, misconducts violated Plaintiff's rights under the Eighth Amendment to the United States Constitution. Subsequently, each Defendant is jointly responsible for causing or allowing others to cause Plaintiff pain, suffering, physical injury and emotional distress.

27.     Defendant Warden Johnston and Deputy Warden Tate's retaliation against Plaintiff unlawfully, is a violation of Plaintiff's rights under the First Amendment to the United States Constitution. Segregated confinement and harassing, abusive behavior because of Plaintiff's attempt to seek redress from the prison's unruly conditions through the use of the prisoner grievance procedures and calling County Commissioner has caused Plaintiff injury and violation to Plaintiff's First Amendment rights.

28.     All Defendant's failures to act on their knowledge of a

substantial risk of serious harm to Plaintiff, violates Plaintiff's Eighth Amendment right to be free from deliberate indifference to his safety.

29. As a result of the failure of each Defendant mentioned, Plaintiff received serious, life-threatening injury, that physically, mentally, and emotionally effects the Plaintiff to this date.

30. The failure of Defendants Nurse McClain and Supervisor Crawford to take the proper steps to ensure that Plaintiff received the needed treatment, despite their knowledge of Plaintiff's serious medical needs, constituted deliberate indifference to Plaintiff's serious medical needs. Their actions were one out of anger, spitefulness, and motived by evil intent, due to Plaintiff's pending criminal matter involving the death of a young, white, pregnant, female and the death of her unborn child, in an alleged DUI-accident.

31. As a result of Defendants Nurse McClain and Supervisor Crawford's failure to provide needed medical treatment, Plaintiff suffered further injury and physical and emotional pain.

32. Defendants Warden Johnston and Deputy Warden Tate owed Plaintiff a duty of reasonable care to protect him from a dangerous, unhealthy environment that places Plaintiff at risk of serious harm. This breach in the duties of a Warden and a Deputy Warden resulted in physical and emotional injury and damages.

33. The breach of duty proximately caused Plaintiff's injuries and damages.

34. As a result from lack of adequate medical care - from

time of injury, continuing while incarcerated, to present-day - Plaintiff has increasingly suffered from abdominal pains, sleep disorder, body weight fluxuation, and severe mental anguish, that is current and ongoing, where Plaintiff succumbs to severe and prolonged spells of depression and deep-seated anxiety and unnatural fear of prison officials, possibly due to undiagnosed PTSD.

35. As a result of the "public" strip searches, in view of multiple staff and inmates as a form of retaliation for filing grievances and complaints against Warden, Deputy Warden, and Medical Staff, Plaintiff was exposed to a stressful and humiliating situation causing mental and emotional distress that continues to affect the Plaintiff to this date, and is in violation of the Plaintiff's Fourth and Eighth Unites States Constitutional rights.

36. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the after-math of the past conduct of the Defendants, so Plaintiff seeks assistance from this Honorable Court.

## VII. PREVIOUS LAWSUITS

37. Plaintiff has filed a Civil suit previously in July of 2016, Docket# 3:16-00150-krg regarding racial discrimination against the Logan Township United Fire Department and the case was settled in mediation in January of 2017. Plaintiff has no other previous civil suits or litigations regarding any of the issues described in this complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgement:

38.     Granting Plaintiff a declaration that the acts and omissions described herein violate Plaintiff's rights under the Constitution and laws of the United States, and

39. An injunction ordering Defendants to fix and maintain healthy, standard quality, and safe conditions in the jail, so these similar types of violations and injuries, do not occur again, and

40.     Granting Plaintiff compensatory damages in the amount of $100,000.00 against each defendant, jointly and severally, and

41.     Granting Plaintiff nominal damages in the amount of $1.00 against each Defendant, jointly and severally, and

42. Granting Plaintiff punitive damages in the amount of $50,000.00 against each Defendant, jointly and severally.

43.     Plaintiff also seeks a jury trial on all issues triable by jury.

44.     Plaintiff seeks recovery of cost in this suit.

45.     Also, any additional relief this court deems just, proper, and equitable.

Date: 9-17-18

Respectfully Submitted,

Tarence M. Mosey #ND4444
SCI-Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

## IX. VERIFICATION

Pursuant to 28 U.S.C. §1746, I, Tarence M. Mosey, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Date: 9-17-18

Tarence M. Mosey #ND4444