IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARENCE M. MOSEY, | : | NO.: 3:18-cv-00186-KRG-MPK |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | JUDGE KIM R. GIBSON |
| MICHAEL JOHNSTON, Warden of Blair County Jail; ABBIE TATE, Deputy Warden of Blair County Jail; COURTNEY MCCLAIN, Nurse of Blair County Jail, and JENNIFER CRAWFORD, Nurse Supervisor of Blair County Jail, | : | MAG. JUDGE MAUREEN P. KELLY |
| | : | |
| | : | *Electronically Filed* |
| | : | |
| | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANTS CORTNI MCCLAIN AND JENNIFER BENNETT TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, come the Defendants Cortni McClain and Jennifer Bennett (erroneously identified as Jennifer Crawford), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, who file this Answer with Affirmative Defenses to Plaintiff's Complaint by respectfully stating the following:

I. **JURISDICTION & VENUE**

1.  Admitted in part; denied in part.  It is admitted that Plaintiff is pursuing a claim pursuant to 42 U.S.C. § 1983 and that this Court has jurisdiction concerning same.  It is denied that Rule 65 of the Federal Rules of Civil Procedure has any applicability since Plaintiff has no claim for injunctive relief.

2.  Admitted.

II. **PLAINTIFF**

3.  Admitted.

### III.  DEFENDANTS

4. The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

5. The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

6. Admitted in part; denied in part.  It is admitted that Cortni McClain is a licensed practical nurse who is employed by PrimeCare Medical, Inc. to provide medical services to inmates at the Blair County Prison.  The remainder of this allegation is denied in that it contains conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, Nurse McClain has no supervisory role.

7. Denied.  It is unknown as to whom Jennifer Crawford is in the Complaint.  It is believed that Plaintiff has intended to bring a claim against Jennifer Bennett, LPN.  It is specifically denied that Jennifer Bennett is a supervisor or has any supervisory function at the Blair County Prison.

### IV.  FACTS

REFUSAL & INADEQUATE MEDICAL CARE

8. Denied.  It is specifically denied that Nurse McClain said, "You're the guy that killed that pregant (sic) girl."  It is further denied that she refused to provide medication to Plaintiff.  Moreover, it is denied that Plaintiff "slip" (sic) into a deepened depression and severe

anxiety. To the contrary, Plaintiff attempted suicide shortly after the accident in which he killed a young pregnant woman. This attempted suicide was not while he was incarcerated at the Blair County Prison. Further, Plaintiff received medication to address his mental health and medical complaints.

9. Denied. It is specifically denied that Nurse McClain ignored any complaints by Plaintiff that he was starting to have suicidal thoughts. It also denied that Plaintiff attempted suicide in the Blair County Prison. By way of further answer, Plaintiff received significant mental health treatment while incarcerated at the Blair County Prison.

10. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, it is specifically denied that Nurse McClain deliberately ignored any complaints of Plaintiff feeling "light-headed, dizzy, running a fever, and overwhelming stomach pains." Further, it is denied that Plaintiff lost consciousness or that he had to receive "emergency medical attention."

11. Denied. It is specifically denied that Plaintiff filed multiple grievances. By way of further answer, Plaintiff has failed to exhaust his administrative remedies and, as such, dismissal of this frivolous cause of action will be sought consistent with the Prisoner Litigation Reform Act.

12. Admitted in part; denied in part. It is admitted that Plaintiff was transferred to SCI Camp Hill from the Blair County Prison. The remainder of this allegation is denied.

UNSAFE, HAZARDOUS, & UNSANITARY CONDITIONS

13. – 18.     Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

RETALIATION & PRETRIAL DETAINEE PUNISHMENT

19.     The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

20.     The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

21.     The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

22.     Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

23.     Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## V. EXHAUSTION OF LEGAL REMEDIES

24. Denied. It is specifically denied that Plaintiff filed grievances or exhausted his administrative remedies as required by federal law. Therefore, dismissal of this cause of action will be filed consistent with the Prisoner Litigation Reform Act.

## VI. LEGAL CLAIMS

25. The responses to paragraphs 1 through 24 are incorporated as if set forth herein at length.

26. Denied. Moreover, it is specifically denied that Jennifer Bennett has any responsibility to supervise, and/or provide discipline to any employees at the Blair County Jail.

27. The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required. If a response is required, said averments are denied.

28. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

29. Denied. It is specifically denied that Plaintiff ever received a serious life-threatening injury or that he had any physical, mental, or emotional effects.

30. Admitted in part; denied in part. It is admitted that Plaintiff pled guilty to causing the death of a young female and her unborn child. The remainder of this allegation is denied. By way of further answer, at all times material hereto, Plaintiff received medical care which conformed with the applicable standard of care. This involved evaluations by qualified medical personnel and medications to address his various medical and mental health complaints.

31. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, at all times material hereto, Plaintiff received medical care which conformed with the applicable standard of care.

32. The averments contained in this paragraph are directed at a party other than the Answering Defendants, and therefore, no response is required. If a response is required, said averments are denied.

33. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

34. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

35. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

36. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## VII.  PREVIOUS LAWSUITS

37. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

## VIII.  PRAYER FOR RELIEF

38. – 45. Denied. It is specifically denied that Plaintiff is entitled to any damages. To the contrary, at all times material hereto, Plaintiff received medical care which conformed with the applicable standard of care.

**WHEREFORE**, Defendants Cortni McClain and Jennifer Bennett respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. At all times material hereto, the Answering Defendants provided medical treatment which conformed to the applicable standard of care.

3. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

5. At no time were Plaintiff's constitutional rights violated.

6. At all times material hereto, the Answering Defendants are immune from suit.

7. The healthcare providers who provided treatment to Plaintiff utilized their best professional judgment in evaluating and providing treatment.

8. At all times material hereto, the practices of the Answering Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public, including Tarence M. Mosey.

9. At no time material hereto did the Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

10. Plaintiff did not suffer any injuries or damages as a result of any acts or omissions by the Answering Defendants.

11. Plaintiff failed to exhaust his administrative remedies.

**WHEREFORE**, Defendants Cortni McClain and Jennifer Bennett respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By:  */s/ John R. Ninosky*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone (717) 651-3709
Facsimile (717) 651-3707
jrninosky@mdwcg.com

Date:   December 17, 2018          Attorney for Cortni McClain and Jennifer Bennett

## VERIFICATION

I, **Cortni McClain**, hereby acknowledge that I am a Defendant in this action; that I have read the *Answer to Plaintiff's Complaint with Affirmative Defenses*, and that the facts stated therein are true and correct to the best of my knowledge, information and belief. I understand that false statements may subject me to the penalties of 18 USC § 1621. This Verification is made subject to 28 USC § 1746 relating to unsworn declarations under penalty of perjury.

_____
Cortni McClain

Date: 12/3/18

## VERIFICATION

I, **Jennifer Bennett**, hereby acknowledge that I am a Defendant in this action; that I have read the *Answer to Plaintiff's Complaint with Affirmative Defenses*, and that the facts stated therein are true and correct to the best of my knowledge, information and belief. I understand that false statements may subject me to the penalties of 18 USC § 1621. This Verification is made subject to 28 USC § 1746 relating to unsworn declarations under penalty of perjury.

_____
Jennifer Bennett

Date: 12/12/18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of December, 2018, the foregoing *Answer with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

    Mary Lou Maierhofer, Esquire
    Margolis Edelstein
    P.O. Box 628
    Hollidaysburg, PA  16648
    mmaierhofer@margolisedelstein.com
    *Attorney for Defendants Michael Johnston and Abbie Tate*

I hereby certify that a copy of the foregoing has been served on the following non-CM/ECF participant by depositing the same in the United States Mail, postage prepaid, in Camp Hill, Pennsylvania on December 17, 2018

    Smart Communications/PADOC
    Tarence M. Mosey (#ND4444)
    SCI Houtzdale
    P.O. Box 33028
    St. Petersburg, FL  33733

                        MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By:    */s/ John R. Ninosky*
          John R. Ninosky, Esquire