# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARENCE M. MOSEY | CIVIL ACTION NO. 3:18-cv-186 |
| Plaintiff. | Honorable Kim R. Gibson<br>Magistrate Judge Maureen P. Kelly |
| vs. | |
| MICHAEL JOHNSTON, Warden of Blair County Jail; ABBIE TATE, Deputy Warden of Blair County Jail; COURTNEY MCCLAIN Nurse of Blair County Jail; and JENNIFER CRAWFORD Nurse Supervisor of Blair County Jail | ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendants, MICHAEL JOHNSTON and ABBIE TATE, by and through their counsel, Mary Lou Maierhofer, Esquire of the law firm of Margolis Edelstein and files this Answer and Affirmative Defenses to Plaintiff's Complaint of which the following is a statement:

### I.     JURISDICTION & VENUE

1.     Denied as conclusions of law. It is further denied that Plaintiff has a basis for any relief under the facts and circumstances pled by Plaintiff and that Federal Rules of Civil Procedure Rule 65 is applicable under the facts and circumstances of Plaintiff's Complaint.

2.     Admitted.

1

## II. PLAINTIFF

3. Admitted.

## III. DEFENDANTS

4. Denied as conclusions of law. By way of further response, it is admitted that Defendant Michael Johnston was employed by the County of Blair as the warden of the Blair County Prison located at 419 Market Square Alley, Hollidaysburg, Blair County Pennsylvania, 16648 under the facts and circumstances of Plaintiff's Complaint.

5. Denied as conclusions of law. By way of further response, it is admitted that Defendant Abbie Tate was employed by the County of Blair as the deputy warden of the Blair County Prison located at 419 Market Square Alley, Hollidaysburg, Blair County Pennsylvania, 16648 under the facts and circumstances of Plaintiff's Complaint.

6.-7. Neither admitted nor denied in that said allegations are directed to parties other than these answering Defendants. If a response is deemed required, denied.

## IV. FACTS

REFUSAL & INADEQUATE MEDICAL CARE

8.-9.  Neither admitted nor denied in that said allegations are directed to parties other than these answering Defendants. If a response is deemed required, denied.

10.  Denied as conclusions of law. By way of further response, it is specifically denied that there was "inadequate food distribution to the jail;" the HVAC was inoperative; and there was a "spread of black mold" under the facts and circumstances of Plaintiff's Complaint. All allegations of injuries and/or damages are denied. The remaining allegations are directed to parties other than these answering Defendants. If a response is deemed required, denied.

11.  Neither admitted nor denied in that said allegations are directed to parties other than these answering Defendants. If a response is deemed required, denied.

12.  It is admitted that Plaintiff was transferred from the Blair County Prison to SCI-Camp Hill. All allegations of injuries and/or damages are denied. The remaining allegations are denied.

UNSAFE, HAZARDOUS, & UNSANITARY CONDITIONS

13.  Denied as conclusions of law. By way of further response, it is specifically denied there was "internal sanitary conditions" under the facts and circumstances of Plaintiff's Complaint.

14. Denied. By way of further response, the cell was intended for 14 inmates.

15.-16. Denied. By way of further response, all allegations of injuries and/or damages are denied. It is specifically denied that the answering Defendants were advised through Inmate Grievances that there were problems and/or failed to respond under the facts and circumstances set forth in Plaintiff's Complaint. It is averred that Plaintiff failed to exhaust the administrative process for such alleged issues under the facts and circumstances of Plaintiff's Complaint.

17.-18. Denied as conclusions of law. By way of further response, all allegations of injuries and/or damages are denied.

RETALIATION & PRETRIAL DETAINEE PUNISHMENT

19. Denied as conclusions of law. By way of further response, it is specifically denied that Plaintiff complained to either Warden Johnston and/or Deputy Warden Tate about any racial and/or derogatory comments made by any staff member.

20. Denied as conclusions of law. By way of further response, it is specifically denied that Plaintiff was harassed by Warden Johnston, Deputy Warden Tate and/or any of the Correctional Officers under the facts and circumstances of Plaintiff's Complaint.

21.-22.  Denied as conclusions of law.  By way of further response, it is specifically denied that Plaintiff was placed in segregation as a source of punishment.  The remaining allegations are denied.

23.  Denied as conclusions of law.

## V.  EXHAUSTION OF LEGAL REMEDIES

24.  Denied as conclusions of law.  By way of further response, it is specifically denied Plaintiff exhausted the administrative process for the alleged issues under the facts and circumstances of Plaintiff's Complaint.

## VI.  LEGAL CLAIMS

25.  Either admitted or denied for reasons set forth above, all of which are incorporated herein as if fully set forth at length.

26.- 29.  Denied as conclusions of law.  It is specifically denied that Plaintiff has set forth valid causes of action under the facts and circumstances of Plaintiff's Complaint. All allegations of injuries and/or damages are denied.  Strict proof of same is demanded at the time of trial.

30.-31.  Neither admitted nor denied in that said allegations are directed to parties other than these answering Defendants.  If a response is deemed required, denied under the facts and circumstances of Plaintiff's Complaint.

32.-33.  Denied as conclusions of law.  It is specifically denied that Plaintiff has set forth valid causes of action under the facts and circumstances of Plaintiff's

Complaint. All allegations of injuries and/or damages are denied. Strict proof of same is demanded at the time of trial.

34.-36. Denied as conclusions of law. It is specifically denied that Plaintiff has set forth valid causes of action under the facts and circumstances of Plaintiff's Complaint. All allegations of injuries and/or damages are denied. Strict proof of same is demanded at the time of trial.

## VII. PREVIOUS LAWSUITS

37. It is admitted that Plaintiff previously filed a federal action in which he was presented by an attorney. The remaining allegations are denied in that after reasonable investigation, these Defendants lack information sufficient upon which to form an opinion or respond to same.

## VIII. PRAYER FOR RELIEF

38.- 45. Denied for reasons set forth above all of which are incorporated herein by reference thereto as if the same were set forth at length. Denied as conclusions of law. It is specifically denied these Defendants violated Plaintiff's civil rights under the facts and circumstances set forth herein. All allegations of injuries and/or damages are denied. Strict proof of same is demanded at the time of trial.

WHEREFORE, Defendants prays that Plaintiff's Complaint be dismissed with prejudice and Defendants are awarded costs and counsel fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

47.     Defendants used the proper and necessary policies and procedures under the facts and circumstances of Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred, in whole or in part, because of his failure to exhaust administrative remedies and/or take those steps that are pre-requisites to filing litigation, specifically under the Prison Litigation Reform Act.

49.     Plaintiff's litigation is "abusive litigation" as defined under 42 Pa.C.S.A. §6602(f).

### FOURTH AFFIRMATIVE DEFENSE

50.     Defendants assert the applicability of absolute immunity for some and/or all of the Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred, in whole or in part, to the extent that his requested relief is not available under the statutes at issue and/or applicable law.

## SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, due to the fact he had waived his rights and/or was released from the Blair County prison.

## SEVENTH AFFIRMATIVE DEFENSE

53. Defendants assert they are entitled to good faith qualified immunity for all of the Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

54. Defendants acted in objectively reasonable manners under the facts and circumstances of Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

55. Plaintiff's alleged damages are speculative and, in many instances, are unavailable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate or minimize his alleged damages that these Defendants expressly deny.

## ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff has failed to set forth any cause of action under 42 U.S.C. §1983, any violations of his Constitution rights.

## TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred to the extent that Plaintiff cannot

establish a causal connection between the purported protected activity and any purported improper behavior by Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff, as a matter of law, is not entitled to any damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to request the relief sought.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff, as a matter of law, is not entitled to compensatory damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. No Constitutional violation occurred as a result of or was causally connected to any policy, practice or custom as well as any action and/or inaction by Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims, including any damages, are barred by superseding or intervening causes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. These Defendant asserts the applicability of the Political Subdivision Tort Claims Act to the extent applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

65. Defendants acted in an objectively reasonable and legally permitted manner under the facts and circumstances set forth in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

66. Plaintiff has failed to set forth valid legal claims as the actions and/or inactions of these Defendants were not done in bad faith or in willful, wanton, outrageous, reckless and/or malicious manner under the facts and circumstances of Plaintiff's Complaint.

## TWENTY -ONE AFFIRMATIVE DEFENSE

67. Defendant reserves the right to amend this Answer to include additional responses and/or affirmative defenses.

WHEREFORE, Defendants prays that Plaintiff's Complaint be dismissed with prejudice and Defendants are awarded costs and counsel fees.

**JURY TRIAL DEMANDED**

### MARGOLIS EDELSTEIN

By: /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
Attorney for Defendants MICHAEL JOHNSTON and ABBIE TATE
mmaierhofer@margolisedelstein.com
P.A. I.D. No.: 62175
P.O. Box 628
Hollidaysburg, PA  16648
(814) 695-5064/Fax: (814) 695-5066

## VERIFICATION

I, **Abbie Tate**, hereby acknowledge that I am a Defendant in this action; that I have read the Answer and Affirmative Defenses to Plaintiff's Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information and belief. I understand that false statements may subject me to penalties of the 18 USC § 1621. This Verification is made subject to 28 USC § 1746 relating to unsworn declarations under penalty of perjury.

_____
Abbie Tate, Warden

DATE: 12-18-18

## VERIFICATION

I, **Michael Johnston**, hereby acknowledge that I am a Defendant in this action; that I have read the Answer and Affirmative Defenses to Plaintiff's Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information and belief. I understand that false statements may subject me to penalties of the 18 USC § 1621. This Verification is made subject to 28 USC § 1746 relating to unsworn declarations under penalty of perjury.

_____
Michael Johnston, Former Warden

DATE: 12/19/2018

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARENCE M. MOSEY | CIVIL ACTION NO. 3:18-cv-186 |
| Plaintiff. | Honorable Kim R. Gibson |
| | Magistrate Judge Maureen P. Kelly |
| vs. | |
| MICHAEL JOHNSTON, Warden of Blair County Jail; ABBIE TATE, Deputy Warden of Blair County Jail; COURTNEY MCCLAIN Nurse of Blair County Jail; and JENNIFER CRAWFORD Nurse Supervisor of Blair County Jail | ELECTRONICALLY FILED |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Mary Lou Maierhofer, Esquire of the law firm of Margolis Edelstein, hereby certify that on the 19th of December 2018, I have served the Answer and Affirmative Defenses upon Plaintiff through first class postage paid to the below addresses and through electronic mail counsel who represents other Defendants as follows:

Legal Mail
Smart Communications/PADOC
Tarence M. Mosey Inmate No. 4444
P.O. Box 33028
St. Petersburg, FL  33733


John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
jrninosky@mdwcg.com

## MARGOLIS EDELSTEIN

By: /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
Attorney for Defendants MICHAEL JOHNSTON
and ABBIE TATE
mmaierhofer@margolisedelstein.com
P.A. I.D. No.: 62175
P.O. Box 628
Hollidaysburg, PA  16648
(814) 695-5064/Fax: (814) 695-5066